UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>v.<br><br>JOHN A. FINK,<br><br>    Respondent. | Case No. 17cv0641 BTM<br><br>ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summonses issued to John A. Fink ("Respondent"). On April 3, 2017, the Court issued an order setting a hearing on the petition to enforce. On April 11, 2017, the IRS personally served Respondent with a copy of the Court's order, the Government's petition to enforce and supporting declaration. Respondent did not file a written response to the order.

The hearing was held on the Government's petition on June 2, 2017, at 2:00 p.m. The Government was represented by Assistant United States Attorney Leslie M. Gardner. Respondent appeared and was not represented. For the reasons explained herein, the Government's petition to enforce the summonses is granted.

## BACKGROUND

On October 17, 2016, W. Wooldridge, a Revenue Officer employed by the IRS, issued two IRS summonses to Respondent. [Declaration of Revenue Officer

W. Wooldridge in Support of Petition, ("Wooldridge Decl."), ¶ 4.] The IRS is conducting an investigation to determine the collectability of Respondent's tax liabilities for the 2006, 2007, 2008, 2009, and 2010 tax years and to determine his tax liabilities for the 2011, 2012, 2013, 2014, and 2015 tax years. [Id. at ¶ 2.] On October 18, 2016, Revenue Officer Wooldridge served the summonses on Respondent by handing him attested copies of the summonses. [Id. at ¶ 5.] The summonses called for Respondent to appear before the IRS on November 2, 2016, at 8:30 a.m. [Id. at ¶ 6.]

On November 2, 2016, Respondent appeared before the IRS but did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS and the U.S. Attorney's office subsequently sent letters to Respondent directing him to appear before the IRS. [Id. at ¶¶ 7-9.] Respondent did not provide the IRS with the testimony and documents requested by the summonses. [Id. at ¶ 11.]

On March 29, 2017, the Government petitioned the Court to enforce the summonses. On April 3, 2017, the Court ordered that Respondent appear before the Court on June 2, 2017 at 2:00 p.m. The Court also ordered Respondent to respond with any defense or opposition to the petition at least 14 days prior to the hearing date. Respondent did not file a written response but did appear at the hearing.

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.
///

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Wooldridge's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation to determine the collectability of Respondent's tax liabilities for the 2006, 2007, 2008, 2009, and 2010 tax years and to determine his tax liabilities for the 2011, 2012, 2013, 2014, and 2015 tax years. [Wooldridge Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summonses were issued for a legitimate purpose. Second, Revenue Officer Wooldridge has declared in her declaration that the information requested by the summonses may be relevant to determine Respondent's tax liabilities and collectability of his tax liabilities. [Id. at ¶ 14.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summonses issued to Respondent. [Id. ¶ 12.] Finally, the IRS has followed and exhausted all required administrative steps,

but Respondent has not complied with the summonses. [Id. at ¶ 13.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summonses.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summonses is GRANTED. Respondent, John A. Fink, is directed to appear before IRS Revenue Officer W. Wooldridge or a designee, on July 18, 2017, at 9:00 a.m., at the offices of the Internal Revenue Service located at 1 Civic Center Drive, Suite 400, San Marcos, California, 92069, and to produce the documents and give testimony as directed in the summonses. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of service shall be filed with the Clerk of Court as soon as practicable.

<u>Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.</u>

IT IS SO ORDERED.

**DATED:  June 19, 2017**

**BARRY TED MOSKOWITZ, Chief Judge
United States District Court**